UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

J. DAVID FRIDLEY, individually and d/b/a )
BUSINESS CELL SYSTEMS and d/b/a )
FRIDLEY'S COMMUNICATIONS, )
)             1:04 CV 126
      Plaintiff, )
)             Judge Curtis L. Collier
v. )
)
TWR LIGHTING, INC., )
)
      Defendant. )

## ANSWER

TWR Lighting, Inc., by and through counsel, responding to the allegations in the Complaint, alleges and says:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The allegations in the Complaint are barred under the doctrines of estoppel, laches and waiver.

## THIRD DEFENSE

Plaintiff's claims are barred or limited pursuant to the doctrine of comparative fault.

## FOURTH DEFENSE

The Complaint is barred by reason of Plaintiff's failure to mitigate damages.

## FIFTH DEFENSE

Plaintiff's warranty claims are barred for failure to give proper and/or timely notice of its claim(s) for breaches of warranty.

## SIXTH DEFENSE

Plaintiff's warranty-based claims are barred and/or limited by any and all express conditions or disclaimers.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part, because the product at issue is comprehensively regulated by the Federal Aviation Administration, pursuant to 49 U.S.C. § 40 101 *et seq*, and regulations, orders and advisory circulars promulgated thereunder including but not limited to, 47 C.F.R. § 17.23. Accordingly, Plaintiff's claims are preempted by the supremacy clause of the United States Constitution, Article VI, Clause 2, and the laws of the United States.

## EIGHTH DEFENSE

Plaintiff may not recover from this Defendant because the methods, standards, or techniques of designing and manufacturing the products at issue complied with and were in conformity with the generally recognized state of the art, and applicable federal and state laws, regulations and guidelines in existence at the time the product was designed, manufactured, labeled and sold.

## NINTH DEFENSE

To the extent that Plaintiff or others altered, modified, abused, and/or misused the product or products at issue and/or failed to follow the product's instructions and/or guidelines, Plaintiff's claims are barred.

## TENTH DEFENSE

Plaintiff is barred, in whole or in part, from recovery due to spoliation of evidence.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by reason of the expiration or the warranty period provided for the subject product(s).

## TWELFTH DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own fault and/or assumption of the risk.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred under the economic loss doctrine.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred under the doctrine of unclean hands.

## FIFTEENTH DEFENSE

Defendant, now responding to the allegations in the Complaint in like-numbered paragraphs, alleges and says:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the allegations as stated.

2.      Admitted.

3.      It is admitted that Plaintiff's appear to own and/or operate certain communications towers, but Defendant is without knowledge or information sufficient to form a belief as to where such towers are "primarily" located.  Defendant admits the second sentence of Paragraph 3 of the Complaint, but avers that its business is not limited exclusively to the sale of lighting systems for communications towers.

4. The first sentence of Paragraph 4 of the Complaint does not contain factual allegations and, therefore, no response is required. The allegations in the second and third sentences of Paragraph 4 of the Complaint are admitted.

5. Admitted.

6. It is admitted that beginning April, 2001, Plaintiff's purchased twenty-three complete lighting systems Model LK1D1LVS which included part number STH40283 Type L-865 Controller ("Controllers"), part number STBEACON7 Type L-865 Strobe Beacon, 450-ft of STROBCABLE-2 interconnection cable, 250pcs STCABLTIE for cable attachment and part number STFLSHTB6 replacement strobe tube. It is averred that the prices of these complete lighting systems varied between $2,500 and $2,700. Averments inconsistent with the foregoing are denied.

7. In response to Paragraph 7 of the Complaint, Defendant states that approximately two and one-half years after Defendant began selling the Controllers to Plaintiff, Plaintiff reported for the first time that one or more of the Controllers was experiencing leaky capacitors and heating up. Averments inconsistent with the foregoing are denied.

8. In response to Paragraph 8 of the Complaint, Defendant avers that approximately two and one-half years after Defendant began selling the Controllers to Plaintiff, Plaintiff reported for the first time that one or more of the Controllers was experiencing leaky capacitors and heating up. It is averred that as a result of discussions with Plaintiff concerning these complaints, Defendant attempted to work with Plaintiff in an effort to isolate the cause of the problems identified by Plaintiff including, but not limited to, sending to Plaintiff certain replacement parts. Notwithstanding these efforts on the part of Defendant, and notwithstanding the fact that the units complained of by Plaintiff were already beyond the warranty period, Plaintiff insisted that all Controllers (most of which were not the subject of any complaints) be

replaced in their entirety, and that Defendants pay all costs of replacing and installing same. Averments inconsistent with the foregoing are denied.

9. The allegations in the first sentence of Paragraph 9 of the Complaint are denied. With respect to the second sentence of Paragraph 9 of the Complaint, Defendant admits that it did not agree to replace the Controllers in their entirety at no cost, but avers that it attempted on various occasions to replace certain parts contained within the Controllers believed to be responsible for the problems identified by Plaintiff. The remaining allegations of Paragraph 9 of the Complaint are denied.

10. The allegations in the first sentence of Paragraph 10 of the Complaint are denied. Defendant is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations in Paragraph 10 of the Complaint and, therefore, denies the allegations as stated.

11. Defendant incorporates herein by reference the admissions, denials and averments contained in Paragraphs 1 through 10 of this Answer.

12. Defendant denies the allegations contained in the first sentence of Paragraph 12 of the Complaint to the extent such warranties have been disclaimed, limited or otherwise modified pursuant to Defendant's Warranty and Return Policy. With respect to the second sentence of Paragraph 12 of the Complaint, Defendant admits it generally understood that Plaintiff was using some or all of the Controllers on lighting structures or towers, but denies the remaining allegations.

13. Denied.

14. Denied.

15. Denied.

16.    Defendant incorporates herein by reference the admissions, denials and averments contained in Paragraphs 1 through 15 of this Answer.

17.    Subject to the terms of Defendant's Warranty and Return Policy, Defendant admits that it had a duty to comply with applicable law in the manufacture and design of the Controllers, and avers that it has complied with any and all such laws or requirements. Averments inconsistent with the foregoing are denied.

18.    Denied.

19.    Denied.

20.    Defendant incorporates herein by reference the admissions, denials and averments contained in Paragraphs 1 through 19 of this Answer.

21.    Paragraph 21 of the Complaint does not contain any factual averments against this Defendant, therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint, and avers the provisions of the Tennessee Product Liability Act, T.C.A. §29-28-101, et seq. speak for themselves.

22.    Defendant admits it manufactured and sold certain controllers purchased by the Plaintiff, but denies the remaining allegations in Paragraph 22 of the Complaint.

23.    Denied.

24.    Defendant incorporates herein by reference the admissions, denials and averments contained in Paragraphs 1 through 23 of this Answer.

25.    Denied.

26.    Denied.

27.    Paragraph 27 of the Complaint does not contain factual allegations involving this Defendant, therefore no response is required.

28. Any allegation not heretofore explained, admitted or denied shall be deemed denied.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor, tax all costs against the Plaintiff, including reasonable attorney fees, costs and expenses. Defendant further prays that it be entitled to such other, further and general relief to which it is entitled.

Respectfully submitted,

**MILLER & MARTIN PLLC**

**s/James Williams**
**B.P.R. # 16341**
Suite 1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2004, a copy of the foregoing Plaintiffs' Reply in Support of Modified Motion to Amend was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**s/James Williams**
BPR #16341
Miller & Martin PLLC
1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
**Attorneys for Defendants**
